**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

BYRON L. WALLACE,
ADC #107098                                                                                          PLAINTIFF

5:13CV00155-SWW-JTK

WENDY KELLEY, et al.                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.      Introduction

Plaintiff Byron Wallace is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC).  He filed this action pursuant to 42 U.S.C. § 1983, alleging inadequate medical care and treatment of his diabetes condition, in violation of his Eighth Amendment rights.  Plaintiff asks for monetary and injunctive relief.

Pending before the Court are the parties' Summary Judgment Motions (Doc. Nos. 59, 63), and their respective Responses to the Motions (Doc. Nos. 68, 69).

### II.      Complaint

In his Amended Complaint, Plaintiff states that prior to his incarceration in the ADC, he was prescribed daily insulin injections and medication by his physician at the Veteran's Administration Medical Center (VA). (Doc. No. 5, p. 4.)  However, for over three years, the medical personnel at the ADC have refused to provide him with the daily shots and daily blood sugar tests.  (Id., p. 7.)

2

Plaintiff claims he will die if Defendants continue to refuse to provide him with this medication, and he asks for damages and injunctive relief.  (Id., pp. 7-8.)  Defendants are Nurse Estella Bland, and Doctors Troy Moore and William Warren.

## III.    Summary Judgment Motions

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.    Exhaustion

Defendants first ask the Court to dismiss Plaintiff's complaint against Defendant Warren, for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  According to Shelly Byers, a Medical Grievance Investigator for the ADC, Plaintiff filed three medical grievances concerning the issues raised in his complaint during

the time from May 20, 2010, until May 22, 2013.  (Doc. No. 60-3, p. 1.)  Only one of those three grievances, CU-13-00276, was appealed to the office of the Deputy Director for Health and Correctional Programs, and therefore, fully exhausted.  (<u>Id</u>.)

Defendants state that the grievance policy in effect at the time, Administrative Directive (AD) 12-16, requires an inmate filing a grievance to specifically name the individuals involved in the incidents at issue.  (Doc. No. 60-1.)  In addition, prisoners must complete a grievance process in accordance with the prison's policy, and remedies must be exhausted before an inmate files a § 1983 action.  <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007); <u>Woodford v. Ngo</u>, 548 U.S. 81, 90-91 (2006).  In this particular case, however, Plaintiff did not exhaust his administrative remedies with respect to Defendant Warren because he did not specifically name or identify him in the one medical grievance which he exhausted.  (Doc. No. 60-2, pp. 4-6.)

Plaintiff admits not including Dr. Warren's name in the grievance he filed, but claims he was not aware of the policy requirement of naming each individual (Doc. No. 63, p. 2.)

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), <u>unconst'l on other grounds</u>, <u>Siggers-El v. Barlow</u>, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In <u>Booth v. Churner</u>, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in <u>Chelette</u>

v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000), quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000).   In  Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).   Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. at 218.

However, the United States Court of Appeals for the Eighth Circuit recently ruled that if prison officials decide a procedurally-flawed grievance on the merits, they effectively waive the argument that an inmate failed to exhaust because he did not comply with the grievance procedures. In Hammett v. Cofield, an inmate relied on grievances which were not exhausted or which were filed outside of mandatory time limits. 681 F.3d 945 (8th Cir. 2012). The Court decided, however, that the "PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits." Id. at 947.  This line of reasoning was extended to an exhausted grievance filed by an inmate who failed to comply with prison procedures requiring that defendants be specifically named, in Bower v. Kelley, 494 Fed.Appx. 718, 2012 WL 6199266 (8th Cir. 2012).

The ADC grievance policy, AD 12-16, specifically directs inmates when filing grievances to: "write a brief statement that is specific as to the substance of the issue or complaint to include

5

the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate

submitting the form." (Doc. No. 60-1, p. 5.)  In the grievance Plaintiff filed, he stated as follows:

> I am constantly often complaining to several officers on all shifts at Cummin as well
> as nurses, doctors, mental health personnels, and sargeants up above in rank in this
> chain of command prison system to no avail.  Plus no result whatsoever, just because
> I have trouble articulating (expressing) words in my speech due to PTSD.  I have put
> in plenty of sick calls as well as resolutions.  Plus on the 7th of Jan. 2013 I was
> scheduled and brought in front of Larry D. May (Chief Deputy Director) in which
> I specifically pointed out over again to all classification members that I wasn't being
> treated properly concerning my chronic care clinic visits with Ms. Bland and Doctor
> Moore.  I have hard times receiving answers.  It's obvious that I need help.  God is
> Almighty.  Amen!  Special Note: Ms. M. Austin signed on 10-23-12 concerning one
> of my grievance # CU-12-02363  bogus response.

(Doc. No. 60-2, p. 6.)

The Court finds that Plaintiff's failure to specifically identify or refer to Dr. Warren in this

grievance requires that he be dismissed from this action, without prejudice, for failure to exhaust

administrative remedies.  The Court in <u>Jones v. Bock</u> specifically stated that the prison procedures

define the boundaries of proper exhaustion. 549 U.S. at 218.  In addition, the Court finds that

Plaintiff's grievance was not procedurally-flawed and Defendants did not waive the exhaustion

requirement by responding to it, in which he specifically referred to his treatment by two other

medical professionals, Ms. Bland and Dr. Moore.

## B. Eighth Amendment

Both Plaintiff and Defendants also ask this Court to rule in their favor on Plaintiff's Eighth

Amendment claims.  Plaintiff maintains that Defendants' undisputed failure to repeatedly deny him

daily insulin injections and daily blood sugar checks, despite the VA physician's prescribed

treatment, amounts to deliberate indifference to his serious medical needs.  He claims that

Defendants refuse to abide by that former prescription, and are placing his life and health in

jeopardy.

To the contrary, Defendants state they are adequately treating Plaintiff's diabetic condition with daily oral medications and a Hemoglobin A1c test which is conducted every three months to monitor his blood sugar levels.  In support, Defendants provide the Affidavit of Dr. Robert Floss, the former Regional Medical Director for Corizon, Inc.  (Doc. No. 60-6.)  After reviewing Plaintiff's medical records and treatment, Dr. Floss states that Plaintiff's diabetes is well-controlled by oral diabetic medications and hemoglobin monitoring.  (Id., p. 2.)  According to the American Diabetes Association, an appropriate hemoglobin A1c range is any value less than seven percent, and Plaintiff's hemoglobin levels have been recorded as follows: December 10, 2009 - 6.1%; January 27, 2011 - 5.6%; January 19, 2012 - 9%; November 27, 2012 - 6.2%; April 15, 2013 - 5.8%; July 29, 2013 - 6.4%.  (Id.)  The hemoglobin A1c testing Plaintiff receives "gives a more reasonable view of disease management over the course of time and is a more stable reading than daily finger sticks," and is the "preferred method of assessing blood glucose levels in diabetics."  (Id.)  Dr. Floss also notes that Plaintiff refuses to participate in a diabetic diet, and consumes foods high in sugar content.  (Id.; Doc. No. 60-7.)   Finally, the daily oral medications taken by Plaintiff have effectively controlled his diabetes.  (Doc. No. 60-6, p. 2.)

Defendants also provide Plaintiff's medical records to support their claim of adequate medical care and treatment, and note that on at least two occasions, Plaintiff refused to appear for his blood sugar testing.  (Doc. No. 60-5, p. 35.)

In his deposition, Plaintiff states he has been diabetic since about 2008, and prior to arriving at the ADC, received daily insulin injections, together with oral medications.  (Doc. No. 60-4, pp. 13-15.)  He denies that Defendants check his blood sugar levels every ninety days, and insists he

needs daily insulin and monitoring.  (Id., pp. 21-22.)

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).   However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).  Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."  Long v. Nix, 86 F.3d  761, 765 (8th Cir. 1996).  Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment."  Dulany, supra, 132 F.3d at 1240.

Having reviewed the parties' Motions and exhibits, the Court finds as a matter of law that Plaintiff's claim is based on a disagreement over the type of medical treatment he is receiving, and therefore, that he does not support an Eighth Amendment claim against them. The medical records and physician's affidavit clearly show that Plaintiff receives regular treatment for his diabetes, and that his blood sugar levels have remained normal, with one exception.  Although Plaintiff denied in his deposition testimony that he refused to attend some of the chronic care clinics where his blood

sugar was to be tested (Doc. No. 60-4, p. 18), he does not deny that he is not following a diabetic diet. According to the records provided by the Defendants, Plaintiff routinely purchases cookies and candy from the commissary. (Doc. No. 60-7.) Plaintiff provides no evidence, other than his general assertion, of deliberate indifference by the Defendants, or of actions which have caused him physical harm. Pursuant to <u>Dulany</u>, this assertion is insufficient to rebut the medical evidence provided, or to create a factual issue over the quality of Defendants' treatment. 132 F.3d at 1240. Therefore, the Court finds as a matter of law that Defendants are entitled to summary judgment on Plaintiff's claims against them.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.     Defendants' Motion for Summary Judgment (Doc. No. 59) be GRANTED.

2.     Plaintiff's Motion for Summary Judgment (Doc. No. 63) be DENIED.

3,     Plaintiff's Complaint against Defendant Warren be DISMISSED without prejudice, for failure to exhaust administrative remedies.

4.     Plaintiff's Complaint against Defendants Bland and Moore be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 25th day of April, 2013.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE